The opinion of the Court was delivered by
Tilghman C. J.
iif The attorney-general demands from the commissioners of Philadelphia county, payment of his fees in three cases herein-after stated, and the question is, whether , , , , , the county be bound to pay them.
1st. If the grand jury return a bill “ Ignoramus,” in a case other than felony, and order the prosecutor to pay the costs, and the prosecutor having been sentenced by the Court to pay the costs, is committed, and then discharged according to law, the costs not being paid, is the county liable to costs ?
2d. If a bill be found “ A true bill,” and the defendant having been tried and acquitted, and ordered by the petit jury *542 to pay .the costs, is sentenced by the Court to pay them, committed, and discharged according to law, the costs not being paid, is the county liable ?
3d. If the defendant is acquitted, and the prosecutor or^ered by the petit jury to pay the costs, who, after being sentenced by the Court to pay them, is committed and discharged according to law, the costs not being paid, is the county liable ?
There is no necessity for going further back than “ the Act to regulate the payment of costs on Indictments,” which became a law without the Governor’s signature, on the 7th December, 1804; because that act, so far as concerns the present questions, operated as a repeal of all former laws. The preamble recites the inconveniences which had arisen from the county’s paying the costs of prosecution, in all criminal cases where the accused are acquitted, and the 1st section enacts, that in all prosecutions, cases of felony only excepted, if the bill shall be returned “Ignoramus,” the grand jury shall decide whether the county or the prosecutor shall pay the costs; and in all cases of acquittal on indictments for the offences aforesaid, the jury trying the same shall determine by their verdict, whether the prosecutor, or the county, or the defendant, shall pay the costs; and it is provided by the 2d section of the same act, that when the jury shall determine that the prosecutor shall pay the costs, the Court shall forthwith pass sentence to that effect, and order him to be committed till the costs are paid, unless he gives security to pay the same within ten days. So far as the three cases before stated depend on this act of assembly, it is clear that the county is not liable to costs, because it was the main object of the act, to prevent the burthening of the county with costs in cases where the grand, or petit jury, ordered the prosecutor or the defendant to pay them. But it is contended, that the costs fall on the county by virtue of the 13th section of the fee bill, which was passed the 28th March, 1814. The words are as follows :—“ In case of a conviction in any Court of Oyer and Terminer, Quarter Sessions, or Mayor’s Court, all costs shall be paid by the party convicted; but when such party shall have been discharged according to law, without payment of costs, the same shall be paid by the county.” The case turns upon the meaning of the word conviction. The attorney-general contends, that a prosecu-. *543 tor, who is adjudged to pay costs by the grand jury, and a defendant who is acquitted, but adjudged to pay costs by the petit jury, are convicted within the meaning of the fee bill. I am of a different opinion. A person is not convicted, unless'he is found sruilty. That is the sense in which the J * . iit ... word is usually taken, and it would be wrong to strain it, m order to throw costs upon the county. I am of opinion, that in neither of the three cases stated, is the county bound to pay costs.
Rule discharged.